1  McGREGOR W. SCOTT
   United States Attorney
2  MATTHEW D. SEGAL
   KEVIN C. KHASIGIAN
3  Assistant U. S. Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA  95814
   Telephone: (916) 554-2700
5
   Attorneys for Plaintiff
6  United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                    2:15-CR-00051-GEB

12            Plaintiff,

13       v.                                       STIPULATION FOR FINAL ORDER OF
                                                 FORFEITURE AND ORDER THEREON
14  SHALLYA KUMAR SHARMA,

15            Defendant.

16

17       IT IS HEREBY STIPULATED, by and between plaintiff United States of America and petitioner

18  Colonial Savings, F.A. ("Colonial"), as authorized subservicer for Mortgage Electronic Registration

19  Systems, Inc. ("MERS"), to compromise and settle their interest in the real property located at 5633

20  Revelstok Drive, Sacramento, California, APN: 220-0232-016 and more fully described in Exhibit A

21  attached hereto, and to consent to the entry of a Final Order of Forfeiture pursuant to 18 U.S.C. §

22  981(a)(1)(C) and 28 U.S.C. § 2461(c).

23       1.       On November 20, 2017, this Court entered a Preliminary Order of Forfeiture pursuant to

24  the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), based upon the plea agreement and

25  the Application for Preliminary Order of Forfeiture entered into between the United States and defendant

26  Shallya Kumar Sharma forfeiting to the United States the following real properties:

27            a.       Real property located at 4544 Loch Haven Way, Sacramento, California,
                       Sacramento County, APN: 220-0730-012-0000;
28

                                          1

b.  Real property located at 4548 Loch Haven Way, Sacramento, California, Sacramento County, APN: 220-0730-011-000;

c.  Real property located at 4744 Willowbrook Drive, Sacramento, California, Sacramento County, APN: 220-0293-005-000;

d.  Real property located at 5631 Revelstok Drive, Sacramento, California, Sacramento County, APN: 220-0232-017-000; and

e.  Real property located at 5633 Revelstok Drive, Sacramento, California, Sacramento County, APN: 220-0232-016-000.

2.  Beginning on November 22, 2017, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property. The Declaration of Publication was filed on December 22, 2017.

3.  The United States of America completed direct written notice by certified mail to Rashmi Sharma, MERS, Fannie Mae, iMortgage.com, Inc., and Paramount Equity Mortgage.

4.  On June 7, 2016, petitioner Colonial filed a petition alleging a lien holder interest in the real property located at 5633 Revelstok Drive, Sacramento, California, APN: 220-0232-016-000. On December 20, 2017, petitioner Colonial filed an amended petition alleging the following:

a.  On or about May 22, 2013, Rashmi Sharma executed a promissory Note ("the Note") made payable to iMortgage.com in the original principal amount of $112,800.00. The Note was and is secured by a Deed of Trust dated May 22, 2013, recorded on May 24, 2013, as instrument number 0007801282 in Book 20130524 at Page 1674 in the official records of Sacramento County, California. MERS was the nominee for iMortgage.com and Colonial is the current subservicer for MERS.

b.  As of September 21, 2018, the principal due and owing under the Note was $101,542.31 and the interest due and owing was $332.80. Interest will continue to accrue at 4.125% per annum.

5.  No other parties have filed petitions in this matter regarding this real property, and the time in which any person or entity may file a petition has expired.

2

6.     The parties hereby stipulate that Colonial is the lien holder on the real property. Rashmi Sharma is the titled owner of the property but did not file a petition claiming an ownership interest in the real property located at 5633 Revelstok Drive, Sacramento, California.  Colonial has a legal right, title, or interest in the real property, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for their interest, because such interest was vested in them rather than defendant Shallya Kumar Sharma at the time of the commission of the acts which give rise to the forfeiture of the real property. *See* 21 U.S.C. § 853(n).  The parties further stipulate, however, that Shallya Kumar Sharma may have an ownership interest in the real property and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest.

7.     The parties agree that the sale of the real property shall be handled by the U.S. Marshals Service ("USMS") in a commercially reasonable manner.  The USMS shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the property.  Any and all personal possessions not removed within thirty days from the entry of this Final Order of Forfeiture will be disposed of by the United States without further notice.

8.     The United States agrees that upon entry of this Final Order of Forfeiture and sale of the real property pursuant to this Final Order of Forfeiture, the United States will not contest payment to Colonial from the proceeds of the sale, after payment of outstanding real property taxes assessed against the property and expenses reasonably incurred by the party designated to sell the property, the following:

     a.     All unpaid principal due to petitioner Colonial under the Promissory Note ("the Note") dated May 22, 2013, in the principal amount of $101,542.31.  The Note is secured by a Deed of Trust recorded in the Sacramento County, California, Official Records as instrument number 0007801282, in Book 20130524 at Page 1674 recorded on May 24, 2013.

     b.     All unpaid interest at the contractual base rate (not the default rate) under the above Note, secured by the Deed of Trust, until the date of payment and legal fees of $2,532.00.

c.   The exact amount to be paid to Colonial shall be determined at the time
of payment, but shall not be less than the amounts set forth above.

d.   To the United States, 100% of the net proceeds from the sale of the property after
the above disbursements, which shall be forfeited to the United States and
disposed of as provided for by law.

9.   The payment to petitioner Colonial shall be in full settlement and satisfaction of all claims and petitions by them to the property, and of all claims arising from and relating to the detention and forfeiture of the property.  The payment to petitioner shall not include any penalty payments, including any prepayment penalties.

10.   Upon payment, Colonial agrees to assign and convey their respective security or other interests to the United States via recordable documents.  All parties to this stipulation hereby release the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture and sale of the real property located at 5633 Revelstok Drive, Sacramento, California.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and sale, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

11.   Colonial agrees not to pursue against the United States any other rights that they may have under the Notes and/or Deeds of Trust, including, but not limited to, the right to foreclose upon and sell the property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the property, and any right to assess additional interest or penalties except as specifically allowed herein.

12.   Colonial understands and agrees that by entering into this stipulation of their interest in the property, they waive any right to litigate further their ownership interest in the property and to petition for remission or mitigation of the forfeiture.  Thereafter, if this Stipulation for Final Order of Forfeiture is

4

approved by the Court, then unless specifically directed by an order of the Court, Colonial shall be excused and relieved from further participation in this action.

13.     Colonial understands and agrees that the United States reserves the right to void the stipulation if, before payment of the Note or lien, the U.S. Attorney obtains new information indicating that Colonial is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the property.  In either event, the United States shall promptly notify Colonial of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees.  Additionally, Colonial reserves the right to petition the Court for a modification of this order in the event it determines that the value of the subject property is at an amount which may not be sufficient to satisfy their lien.

14.     The parties agree to execute further documents, to the extent reasonably necessary, to convey clear title to the property to the United States and to implement further the terms of this Stipulation.

15.     Each party agrees to bear its own costs and attorneys' fees.

16.     Payment to Colonial pursuant to this Stipulation is contingent upon a forfeiture of the property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of this Final Order of Forfeiture.

17.     The terms of this Stipulation shall be subject to approval by the United States District Court.  Violation of any term or condition herein shall be construed as a violation of an order of the Court.

///

///

///

///

///

///

///

Stipulation for Final Order of
Forfeiture and Order Thereon

1    18.    The court shall maintain jurisdiction over this matter to enforce the terms of this

2    stipulation.

3    Dated:   9/25/2018                                    McGREGOR W. SCOTT
                                                          United States Attorney
4
                                                           /s/ Kevin C. Khasigian
5                                                         KEVIN C. KHASIGIAN
                                                          Assistant U.S. Attorney
6

7    Dated:   9-21-18                                      /s/ Abe G/ Salen
                                                          ABE G. SALEN
8                                                         Attorney for petitioner Colonial Savings, F.A.,
                                                          authorized subservicer for Mortgage Electronic
9                                                         Registration Systems, Inc.

10                                            ORDER

11           The Court having received, read, and considered the foregoing Stipulation of the parties, and good

12   cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the

13   Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated

14   Settlement.  All right, title, and interest of Shallya Kumar Sharma, Rashmi Sharma, Mortgage Electronic

15   Registration Systems, Inc., Fannie Mae, iMortgage.com, Inc., and Paramount Equity Mortgage to the

16   properties listed below, is hereby extinguished.

17
            a.    Real property located at 4544 Loch Haven Way, Sacramento, California,
18                Sacramento County, APN: 220-0730-012-0000;

19          b.    Real property located at 4548 Loch Haven Way, Sacramento, California,
                  Sacramento County, APN: 220-0730-011-000;
20
            c.    Real property located at 4744 Willowbrook Drive, Sacramento, California,
21                Sacramento County, APN: 220-0293-005-000;

22          d.    Real property located at 5631 Revelstok Drive, Sacramento, California,
                  Sacramento County, APN: 220-0232-017-000; and
23
            e.    Real property located at 5633 Revelstok Drive, Sacramento, California,
24                Sacramento County, APN: 220-0232-016-000.

25       SO ORDERED.
     Dated:  September 28, 2018
26

27

28                                    _____
                                      GARLAND E. BURRELL, JR.
                                      Senior United States District Judge al Order of
                                                                     Forfeiture and Order Thereon